United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re RICHARD L. HATFIELD,

    Debtor.
_____/

JENNIFER M. MOORE,

    Plaintiff/Appellant,

    v.

RICHARD HATFIELD, MELVIN R. SLAGER aka MELVIN R. PERSKY, SAND HILL ROAD VENTURE GROUP, SAND HILL ROAD VENTURE ONE, IP ENTERPRISES, IP ENTERPRISES PENSION FUND, ARTHUR D. SMITH, DAVID J. MILLER, ALLIANCE FINANCIAL CAPITAL, INC., a California Corporation, ALLIANCE FINANCIAL CAPITAL HOLDINGS, INC., a California corporation, ALLIANCE BUSINESS CAPITAL, INC., a Nevada corporation;

    Defendants/Appellees.
_____/

No. C 09-3818 PJH
Bankr. Case No. 08-30154 TEC
Adv. Case No. 08-3140

**ORDER AFFIRMING BANKRUPTCY COURT**

    Plaintiff and appellant, Jennifer Moore, appeals the bankruptcy court's March 2, 2009 order dismissing in abstention her claims in adversary case no. 08-3140 against the appellees, non-debtor defendants Melvin Slager, Arthur Smith, David J. Miller, and several non-debtor corporations and entities (referred to collectively as the "non-debtor defendants"), and its subsequent July 17, 2009 denial of her motion for reconsideration.

For the reasons that follow, the court AFFIRMS the decisions of the bankruptcy court.

## BACKGROUND

Moore lived with debtor and defendant Richard Hatfield for thirteen years prior to their separation in 2001. During the time they were together, Moore and Hatfield founded and operated a business together, and also had children together.

The current appeal concerns an adversary proceeding filed by Moore against Hatfield and numerous non-debtor defendants in connection with Hatfield's voluntary chapter 7 bankruptcy case.[1] On January 31, 2008, Hatfield filed a voluntary petition under Chapter 11, 08-30154 TEC, which was subsequently converted to a Chapter 7 case on April 4, 2008. The same day that his case was converted to Chapter 7, Hatfield filed a Chapter 11 bankruptcy petition on behalf of Alliance Financial Capital ("AFC"), 08-30575 TEC, in his capacity as the sole shareholder, director, and officer of the company. The bankruptcy court subsequently ordered that the two bankruptcy cases be consolidated and jointly administered, and AFC's latter-filed bankruptcy case was also converted to Chapter 7.

At the time that Hatfield filed the bankruptcy petitions in the above cases, there had already been a significant amount of litigation in the state courts and the bankruptcy court, and even before at least one other judge on this court, involving Moore and Hatfield. In particular, there were several cases pending in the San Mateo Superior Court that involved Moore and Hatfield, including a family law matter, a *Marvin* action filed by Moore against Hatfield, and several lawsuits Moore brought against Hatfield and several other parties and entities, in which she asserted derivative claims on behalf of AFC and other companies she owned an interest in for usury, fraud, mismanagement, abuse of authority, and conversion

---

[1] A prior *involuntary* bankruptcy petition was filed against Hatfield on June 26, 2007, and was later dismissed by the bankruptcy court. On March 31, 2008, another judge on this court affirmed the bankruptcy court's order dismissing the involuntary petitions in the appeal of that decision brought by Moore. *See Moore v. Alliance Financial Capital,* 07-3716 MMC.

of assets.[2]

On November 7, 2008, Moore filed a complaint initiating another lawsuit against Hatfield and the non-debtor defendants with the bankruptcy court, adversary case no. 08-3140. In her complaint, in addition to naming as defendants debtors Hatfield and AFC, Moore also named several non-debtor defendants, including Slager, Smith, Miller, and several non-debtor corporations and entities. Moore alleged in part that prior to her separation from Hatfield in 2001, Hatfield and the non-debtor defendants conspired in various ways to prevent her from obtaining her equal share of property she owned with Hatfield.

The adversary complaint raised six claims, five of which were state law claims, including two claims for abuse of process, one as to Miller and another as to Slager, and three claims for conversion of property. One of the conversion claims (claim three) alleged that Hatfield and the Slager defendants conspired to convert Moore's shares in Alliance Business Capital, another corporate entity, for their benefit and also for the benefit of non-debtor defendant Miller. Claim four, another conversion claim, alleged that all of the defendants conspired to convert Moore's interest in the earnings, profits of several business entities, including debtor AFC, for their own benefit. The third and final conversion claim alleged that Hatfield converted funds and assets that belonged equally to Moore. Finally, the sixth claim, the only one that arose under federal law, was a nondischargeability claim against Hatfield under Bankruptcy Code § 523(a)(6).[3]

---

[2] On May 30, 2008, after Hatfield and AFC filed for bankruptcy, Moore filed a motion for relief from stay to proceed with the state court litigation against Hatfield and/or on behalf of AFC. Several parties, including Hatfield and the Chapter 7 trustees in both bankruptcy cases, opposed Moore's motion. On June 17, 2008, the bankruptcy court granted Moore's motion for relief from stay as to the child support and custody state court litigation only, denied the motion as it pertained to derivative claims that she had asserted in state court on behalf of AFC since those were property of the AFC bankruptcy estate, and took under submission the motion as it pertained to other state court litigation, including the *Marvin* action and a state court real property action.

[3] Bankruptcy Code § 523(a)(6) excepts from a bankruptcy discharge debts for willful and malicious injury by the debtor to another or to the property of another.

On December 12, 2008, all of the defendants with the exception of Miller and Hatfield (who answered the complaint), filed motions to dismiss.[4] On January 22, 2009, the bankruptcy court issued a tentative ruling noting that it was inclined to dismiss the claims against the non-debtor defendants because they constituted non-core claims arising under state law that could not be tried efficiently by the bankruptcy court. As for the claims against debtors Hatfield and AFC, the court noted that the adjudication of those claims would constitute core proceedings.

The bankruptcy court heard the motions to dismiss on January 23 and 30, 2009. At the January 23, 2009 hearing, Moore stated that she would be amenable to proceeding in state court against all defendants and asked the court to grant relief from stay so that she could name the debtors as defendants in the action. However, Hatfield and his counsel were not present at the January 23, 2009 hearing, and the bankruptcy court continued the hearing for a week.

At the subsequent hearing on January 30, 2009, Hatfield opposed Moore's suggestion that the bankruptcy court grant relief from stay such that Moore would be entitled to bring all of her claims, including those against the debtors, in state court. Hatfield noted that there was a possibility that if the case was allowed to proceed in state court, it may end up in state court in Ohio or Michigan. He contended that the pendency of such state court proceedings would hinder the administration of the bankruptcy estates. Moore countered at that hearing that she preferred to try the entire case including all of the claims against both the debtor and non-debtor defendants in *one* court - either state court or the bankruptcy court.

The bankruptcy court asserted that regardless whether relief from the stay was granted to allow Moore to name the debtor defendants in complaints in state court, she was going to have to proceed in two courts under any circumstances. The bankruptcy court

---

[4] Smith moved to dismiss the complaint for lack of jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The "Slager defendants" moved to dismiss under Rule 12(b)(1) only.

4

noted that it could not try the entire case since the non-debtor defendants possessed a jury trial right. It further noted that the entire case could not proceed in state court, either, because Moore would need to return to the bankruptcy court to establish the nondischargeability of damages awarded against the debtor defendants. The court ultimately held that it would delay dismissing the claims against the non-debtor defendants so that Moore could bring a motion seeking relief from stay (in the main bankruptcy case) to name the debtors in a state court complaint.

In its subsequent March 2, 2009 order, the bankruptcy court dismissed the claims against the non-debtor defendants in abstention under 28 U.S.C. § 1334(c)(1). However, it stayed the order pending Moore's filing, and its resolution of her motion for relief from stay to pursue her claims against the debtor defendants in state court.

Moore, however, never filed the motion for relief from stay. Instead, on June 19, 2009, approximately three and one-half months after the prior hearing and also after Hatfield received his May 12, 2009 discharge in the main bankruptcy case, Moore filed a motion for reconsideration, stating that she had decided *not* to seek relief from stay to file the complaint, which would name the debtor defendants in addition to the non-debtor defendants, in state court. She explained that Hatfield represented that he would oppose the motion, and also that she had subsequently determined that she "would be burdened with additional expense and procedural hardships in prosecuting her claims" in state court. She elaborated that she would be "burdened" because she would still need to return to the bankruptcy court if the state court found liability on Hatfield's part for a determination regarding the dischargeability of any recovery under the Bankruptcy Code. She also noted that the nondebtor defendants lived in different states, including Ohio and Michigan, and that it would be costly for her to litigate in state court(s) as a result.[5]

---

[5] Moore further noted in the motion that she was also declining to exercise other options, such as filing a case against all of the defendants in the federal district court based on diversity jurisdiction, then moving for a withdrawal of the bankruptcy court's reference and consolidation of the cases. Moore stated that she declined to follow that route because it too was "cumbersome and time-consuming."

Instead, Moore argued that the bankruptcy court should reconsider its prior order dismissing in absentia the claims against the non-debtor defendants, and instead utilize a procedure allowed by the Ninth Circuit in *In re Healthcentral.com*, a procedure that permits the bankruptcy court to retain jurisdiction over non-core claims for which a jury trial right exists for pretrial purposes only. 504 F.3d 775, 787 (9th Cir. 2007). Moore contended that the procedure permitted by the court in *Healthcentral.com* would be most efficient with respect to her case. She asserted that abstention would create a much greater burden for her in terms of time and expense, and that to allow the case to proceed prior to trial in the bankruptcy court would reduce her burden because she would not have to litigate in more than one forum and would be able to conduct all of her discovery under the federal rules.

Hatfield opposed Moore's motion for reconsideration, arguing that the motion itself was not permitted, that it was untimely, and that it was impeding his "fresh start" since he had already received a bankruptcy discharge.[6]

At the July 17, 2009 hearing on Moore's motion for reconsideration, the bankruptcy court stated that it was denying the motion because the claims against the non-debtor defendants were non-core claims, the adjudication of which would have no impact on the bankruptcy case. The court also found that the *Healthcentral.com* procedure advocated by Moore would be too cumbersome. 504 F.3d at 787. In its memorandum decision issued that same day, the bankruptcy court reiterated its reasons for dismissing the non-core claims against the non-debtor defendants pursuant to the relevant factors set forth by Ninth Circuit law. The bankruptcy court held that abstention was not barred simply by the fact that a state court proceeding was not currently pending. It further noted that it was not required to use the *Healthcentral.com* procedure, and that the Ninth Circuit simply decided that the *Healthcentral.com* procedure was permissible - not that it was the most efficient procedure in cases like Moore's. 504 F.3d at 787. In another order issued August 3, 2009,

---

[6] Apparently, since the case against them had been dismissed, the non-debtor defendants did not respond to the motion.

6

the bankruptcy court lifted the stay of its March 2, 2009 order dismissing without prejudice in abstention the claims against the non-debtor defendants.

Moore subsequently appealed both of the bankruptcy court's orders, and elected to have the appeal heard by this court instead of the Ninth Circuit Bankruptcy Appellate Panel.[7]

## ISSUE

There is one issue on appeal: whether the bankruptcy court abused its discretion in permissively abstaining from adjudicating the state law claims Moore asserted against the non-debtor defendants in her adversary complaint.

## DISCUSSION

### A. Standard of Review

This court reviews a bankruptcy court's decision to abstain under 18 U.S.C. § 1334(c)(1) for an abuse of discretion. *Transcorp/Wilbur S. Avant, Jr. M.D. Rollover I.R.A. v. Pioneer Liquidating Corp. (In re Consolidated Pioneer Mortg. Entities)*, 205 B.R. 422, 424 (9th Cir. BAP 1997). In applying an abuse of discretion test, the court first "determine[s] *de novo* whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009). If the bankruptcy court identified the correct legal rule, the court then determines whether its "application of the correct legal standard [to the facts] was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.*

### B. Analysis

Moore argues that the bankruptcy court afforded improper weight to the relevant

---

[7]After Moore filed her appeal with this court, on March 31, 2010, the bankruptcy court approved the chapter 7 trustee's request to compromise all of Hatfield's bankruptcy estate's controversies with Moore. On July 21, 2010, this court ordered the parties to brief what impact, if any, the compromise had on this appeal, including whether the approval of the compromise mooted the issues on appeal. On July 22, 2010, Moore filed a response, clarifying that the compromise did *not* encompass the nondischargeability claim she asserted against Hatfield in the adversary proceeding and therefore had no impact on the appeal. None of the appellees filed a response. Based on Moore's representations regarding the scope of the compromise, the court has proceeded to adjudicate the appeal.

7

factors when it abstained from hearing her claims against the non-debtor defendants, thus requiring her to litigate her case in two different courts.  She argues that the claims against Hatfield and the non-debtor defendants are overlapping, and that this case is not the "exceptional" one warranting abstention.  Moore contends that the bankruptcy court's conclusions regarding ten of the twelve factors relevant to its abstention decision were an abuse of discretion.  Appellees counter that the bankruptcy court correctly applied the proper law and did not abuse its discretion in applying the relevant factors in dismissing the claims in abstention. [8]

Under 18 U.S.C. § 1334(c)(1), the bankruptcy court may exercise its discretion to abstain from hearing a "particular proceeding arising under title 11 or arising in or related to a case under title 11" in "the interest of justice, or in the interest of comity with state courts or respect for state law."  Permissive abstention under § 1334(c)(1) may be raised by the court *sua sponte*.  *See Matter of Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996); *Scherer v. Carroll*, 150 B.R. 549, 552 (D. Vt. 1993); *Richmond Tank Car Co. v. CTC Invs. (In re Richmond Tank Car Co.)*, 119 B.R. 124, 125 (S.D. Tex. 1989); *In re World Financial Services Center, Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987).  Permissive abstention also does not require that a parallel proceeding be pending at the time.  *See In re Bankruptcy Petition Preparers*, 307 B.R. 134, 140 (9th Cir. BAP 2004) (unlike mandatory abstention under § 1334(c)(2), "[t]here is no parallel requirement of a commenced action in the discretionary abstention provision, § 1334(c)(1)"); *Eastport Assoc. v. City of Los Angeles (In re Eastport),* 935 F.2d 1071, 1079 (9th Cir. 1991) (the fact that a state court proceeding had not yet been commenced is "a factor" in the abstention analysis).

The decision whether to abstain under § 1334(c)(1) "involves balancing competing factors."  *In re Eastport*, 935 F.2d at 1079.  The Ninth Circuit has held that the following factors should be considered in determining when to abstain:

(1) The effect or lack thereof on the efficient administration of the estate if a

---

[8]All of the non-debtor defendants oppose Moore's arguments on appeal.

8

Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C.A. Section 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden [of the bankruptcy court's] docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).

After analyzing the above factors, the bankruptcy court concluded that because eight of the twelve factors favored abstention, three were neutral, and only one favored retaining jurisdiction of the claims as to the non-debtor defendants, abstention was appropriate. Because the relevant analysis centers primarily on these twelve factors, the court sets forth below each factor, along with the bankruptcy court's findings and conclusions, Moore's arguments, and this court's analysis regarding whether the bankruptcy court's application of each of the factors to the facts in this case was "illogical, implausible, or without support." *Hinkson*, 585 F.3d at 1262.

**1. Effect or lack thereof on the efficient administration of the estate if the court recommends abstention**

The bankruptcy court found that this factor favored abstention because the adjudication of the claims against the non-debtor defendants would not impact the

bankruptcy estate. Moore argues that this is incorrect because the proof of her claims against the non-debtor defendants will impact the amount of her claim in the bankruptcy court.

This court concludes that the bankruptcy court did not abuse its discretion with respect to this factor. The non-debtor defendants' liability to Moore does not impact the bankruptcy estate. The debtor defendants' liability to Moore may be independently determined by the bankruptcy court in the course of the adversary proceeding, and it is the bankruptcy court's determination regarding the debtor defendants' liability - not that of the non-debtor defendants - that will impact the estate. Moreover, the determination regarding the dischargeability under the Bankruptcy Code of any liability on the part of the debtor defendants is also a decision that will be made independently by the bankruptcy court.

### 2.  Extent to which state law issues predominate over bankruptcy issues

The bankruptcy court held that this factor favored abstention because all of the claims against the non-debtor defendants arose under state law. Moore argues that the bankruptcy court erred, and implies that this factor is neutral, and while admitting that her case is "all about state law," she contends that abstaining will "change nothing."

Again, this court concludes that the bankruptcy court did not abuse its discretion with respect to this factor. If the case was indeed "all about state law," Moore should have filed it against the non-debtor defendants in state court. Instead, she filed it in the bankruptcy court in part because she not only sought to hold the non-debtor defendants liable, but because she also sought a determination that the debtors were liable *and* that such liability was nondischargeable under the *federal* Bankruptcy Code. The case as a whole is therefore not *"*all" about state law. However, it is nevertheless "all about state law" with respect to the non-debtor defendants since all of the claims against them arise under state law. Accordingly, this factor favors abstention with respect to the non-debtor defendants.

### 3.  Difficulty or unsettled nature of the applicable law

The bankruptcy court concluded that this factor was neutral because it did not

10

appear that the abuse of process and conversion claims presented unusual difficulty. Moore argues that this factor actually favors retaining jurisdiction. The court again concludes that the bankruptcy court did not abuse its discretion. The court simply ascertained that at this stage of the proceedings, there were no foreseeable difficulties, and that was a logical conclusion.

### 4.  Presence of a related proceeding commenced in state court or other nonbankruptcy court

The bankruptcy court concluded that this was the only factor that favored retaining jurisdiction because no state court proceedings had yet been commenced. Moore agrees, and the court concludes that the bankruptcy court did not abuse its discretion.

### 5.  Jurisdictional basis, if any, other than 28 U.S.C. § 1334

The bankruptcy court concluded that this factor was neutral. It noted that supplemental jurisdiction may exist regarding the claims against the non-debtor defendants under 18 U.S.C. § 1367, but that the state law claims against the non-debtor defendants predominated over the federal claim against the debtor defendants. It further noted that it appeared that there was no diversity jurisdiction. Moore counters that the bankruptcy court's reasoning was "disingenuous" because the bankruptcy court would have dismissed for lack of jurisdiction rather than abstaining if that was the case.

Once again, the court again concludes that the bankruptcy court did not abuse its discretion. Its reasoning was logical and its inferences are supported by the record before this court. Moore's assertion that the bankruptcy court was "disingenuous" regarding its reasoning is completely unsupported by the record.

### 6.  Degree of relatedness or remoteness of the proceeding to the main bankruptcy case

The bankruptcy court found that this factor favored abstention because the claims against the non-debtor defendants were not "related" to the bankruptcy case because the adjudication of the claims would not affect the assets or claims of the bankruptcy estate. Moore argues that the bankruptcy court's "related to" jurisdiction is very broad, and then in

11

an argument contrary to the one she made with respect to factor no. 2 above, asserts that the claims against the non-debtor defendants will impact her claims against the bankruptcy estates and the dischargeability of those claims.

Moore, however, misrepresents the purpose of the inquiry underlying this factor. This factor actually concerns "the case's status as a related rather than a core proceeding." *In re Tucson Estates*, 912 F.2d at 1169. Here, there is no dispute that the claims against the non-debtor defendants are non-core proceedings, and for the same reasons set forth above with respect to the first factor, Moore has not shown that the bankruptcy court's determination that claims would not impact the administration of the bankruptcy case was illogical or unsupported.

**7.     Substance rather than form of an asserted "core" proceeding**

The bankruptcy court noted that this factor favored abstention because there are no core claims raised by Moore as to the non-debtor defendants. Moore asserts that because the "same operative facts" must be proved with respect to the claims against the non-debtors and the debtor-defendants, this factor favors retaining jurisdiction. However, again, Moore has confused the inquiry underlying this factor. This factor is concerned with whether the designation of a proceeding as "core" may be utilized to defeat the adjudication of state law issues in state court. As the Ninth Circuit noted in *In re Tucson Estates*, the tasks of determining the impact of a claim on a bankruptcy estate and what to do with such a claim in the bankruptcy case are distinct from allowing a state law claim to be adjudicated in state court. 912 F.2d at 1167. Moore concedes that the claims against the non-debtor defendants are not core claims. Accordingly, the bankruptcy court correctly determined that this factor favors abstention.

**8.     Feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court**

The bankruptcy court held that this factor favored abstention because the claims against the debtor defendants, including the federal nondischargeability claim, could be

12

tried separately from the claims against the non-debtor defendants.

Although she has not expressly stated it, Moore's primary challenge to the bankruptcy court's abstention analysis concerns this factor. Many of Moore's arguments regarding other factors actually pertain to this factor. This is the factor that takes into account the operative facts required to prove the claims raised by Moore. In her papers before this court, Moore characterizes her claims as "conspiracy claims," and argues that she will have to prove her case twice - once as to the non-debtor defendants in state court and once as to the debtor defendants in the bankruptcy court.

Again, the court concludes that the bankruptcy court did not abuse its discretion with respect to this factor. First, Moore has mischaracterized the state law claims as "conspiracy" claims when in fact they are abuse of process and conversion claims. Second, Moore's concern with duplication of efforts completely ignores the fact that she *chose* not to pursue a route that may have enabled her to put forth evidence underlying the five state law claims as to all defendants in one forum - state court. The bankruptcy court invited Moore to file a motion for relief from stay, recourse that Moore declined to pursue because she "would be burdened with additional expense and procedural hardships." If Moore was really concerned with consolidating her proof as to the state law claims against all defendants, she would have filed a motion for relief from stay to file her case in state court. Instead, Moore made the affirmative choice to put all of her eggs in one basket, hoping the bankruptcy court would follow the very procedure she deemed most convenient to her. However, once Moore chose to pursue her claims against debtor defendants as well as non-debtor defendants in the bankruptcy court, the overriding concern became the impact on the administration of the bankruptcy estate and *not* the convenience to Moore. Because it is feasible to try the claims against the non-debtors separately from those of the debtors, this factor favors abstention.

**9. Burden on the bankruptcy court's docket**

The bankruptcy court held that this factor favored abstention. It noted that as a

1 result of the economic downturn, its docket had increased considerably. The court
2 asserted that "[t]he burden of resolving non-core matters at issue is not justified by any
3 advancement of the administration of the bankruptcy case."

4 Moore has not challenged the decision on this factor, and the court concludes that
5 the bankruptcy court did not abuse its discretion.

### 10. Likelihood of forum shopping by one of the parties

The bankruptcy court held that there was no evidence of forum shopping, and that the factor was therefore neutral. Moore argues that the absence of forum shopping should have favored the bankruptcy court retaining jurisdiction.

While this court concludes that the bankruptcy court did not abuse its discretion in determining that the impact of this factor was neutral, it nevertheless notes that were it to review the factor *de novo*, it would actually conclude that Moore's failure to file the motion for relief from stay suggests forum shopping. As discussed above, Moore possessed options for consolidating her proof on the state law claims as to all defendants, but instead determined that the most convenient forum for her would be the bankruptcy court. This suggests forum shopping to this court.

### 11. Existence of a right to a jury trial

The bankruptcy court correctly concluded that the non-debtor defendants possessed a jury trial right as to the claims against them, which sought monetary damages, and that this factor favored abstention. Moore argues that this factor is neutral given the procedure recognized by the *Healthcentral.com* court, and memorialized in B.L.R. 9015-2(b), which allows the bankruptcy court to retain jurisdiction for pretrial matters, and then results in the transfer of the case to the district court for jury trial. 504 F.3d at 787.

The court disagrees. Even though there is a constitutionally permissible procedure allowing the bankruptcy court to retain jurisdiction pretrial, that procedure is not mandated, nor is there any law that suggests that the procedure is superior to its alternatives. The bankruptcy court did not abuse its discretion in determining that abstention was warranted.

14

The procedure advocated by Moore would have involved the transfer of the case, which encompasses five *state* law claims, to the district court for trial. That procedure would result in a tax on judicial resources far greater than those associated with Moore bringing her state law claims against non-debtor defendants in state court. Moore's suggested procedure would still involve the expenditure of resources by *two* courts - the bankruptcy court and the district court - and would require the district court, completely unfamiliar with the parties, the claims, and the underlying bankruptcy cases, to try the case.

**12.    Presence in the proceeding of nondebtor parties**

The bankruptcy court held that this factor favored abstention because seven of the defendants were non-debtors. Moore argues that the bankruptcy court abused its discretion because, in actuality, there are only three non-debtor defendants because a number of the non-debtor defendants are simply Slager's sole proprietorships and/or alter-egos.

Even if Moore is correct regarding the nature of the business entities associated with Slager, it is still the case that 75% of the defendants are non-debtors. Accordingly, this factor also favors abstention, and the bankruptcy court did not abuse its discretion.

In sum, the court concludes that the bankruptcy court applied the correct legal principles in abstaining, and that it did not abuse its discretion in the application of the law to the facts of this case. The court further notes that the bankruptcy court's decision to dismiss in abstention the claims against the non-debtor defendants does not preclude Moore from bringing her claims against the non-debtor defendants in state court. Moreover, it also does not preclude Moore from adjudicating her claims against the debtor defendants in the adversary proceeding in the bankruptcy court. While it may result in some inconvenience to Moore, Moore's convenience is not the overriding factor in the abstention analysis.

**CONCLUSION**

For the reasons set forth above, the court AFFIRMS the bankruptcy court's March 2,

2009 order dismissing in abstention Moore's claims against the non-debtor defendants, and its subsequent July 17, 2009 order denying her motion for reconsideration in adversary case no. 08-3140.

This order fully adjudicates the appeal and terminates all pending motions in the case. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 23, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge